IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOSE RODOLFO ALONSO, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER SUMMARILY REMANDING CASE <br><br><br><br> Case No. 1:10-CV-091 TS |

Construing, as it must, the pro se Plaintiff's filings liberally, it appears he seeks to remove his criminal Case No. 091901364 pending in the Second Judicial District Court of Weber County, Ogden Department, State of Utah to this federal court pursuant to 28 U.S.C. § 1446. Plaintiff styles his removal notice as a "Non Negotiable Notice of Removal."[1] He cites § 1446(a) and attaches a copy of that statute as well as several pages containing copies of Constitutional amendments, federal statutes, definitions, quotes from case law, and notices.

---

[1]Docket No. 1.

1

Section 1446(c)(4) provides that when a notice of removal is filed:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.[2]

The section relied upon by Plaintiff for removal, § 1446, "defines the procedures for removal but does not provide any *grounds* for removal."[3] The Court construes the removal as a request under 28 U.S.C. 1443(a), which allows defendant in a state civil or criminal proceeding to "remove to federal court if he cannot enforce his civil rights in state court."[4] In order to remove a case under § 1443(1), Plaintiff must "satisfy the two-prong test for removal outlined in *Johnson v. Mississippi*,"[5] including an allegation of "the denial of any right based upon his race, and. . . provid[ing] the court with specific factual allegations concerning his inability to enforce his constitutional rights in the state criminal proceeding."[6]

Plaintiff herein fails to satisfy the two-pronged *Johnson* test for the same reasons: he fails to allege any denial of any right based on race and fails to provide any specific factual allegations concerning an inability to enforce his constitutional rights in the state criminal proceedings.

---

[2] 28 U.S.C. § 1446(c)(4).

[3] *Miller v. Lambeth*, 443 F.3d 757, 760 (10th Cir. 2006) (emphasis in original).

[4] *Colorado v. Jackson*, 271 Fed.Appx. 811, 812 (10th Cir. 2008). The Court finds that this unpublished opinion is persuasive as involving similar facts.

[5] *Id*. citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

[6] *Id.*

Because § 1446 does not itself create a right of removal, and because Plaintiff has failed to otherwise state grounds for removal, the Court finds that it "clearly appears on the face of the notice and the exhibits annexed thereto that removal should not be permitted."[7] It is therefore

      ORDERED that this case is REMANDED.

      DATED June 11, 2010.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge

---

[7] 28 U.S.C. § 1446(c)(4).